Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Robert Hyde (SBN: 227183)
bob@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Stephen G. Recordon, Esq. (SBN: 91401)
sgrecordon@aol.com
Patric A. Lester (SBN: 220092)
patricmo1@yahoo.com
**Recordan & Lester**
225 Broadway, Suite 1900
San Diego, CA 92101
Telephone: (619) 232-1717
Facsimile: (619) 232-5325

Attorneys for the Plaintiff
Diana Raygoza

FILED
2008 OCT 14 AM 11:11
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

'08 CV 1861 DMS RBB

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Diana Raygoza<br><br>                    Plaintiff,<br>v.<br><br>Law Office of Curtis O Barnes<br><br>                    Defendant. | Case Number:<br><br>**COMPLAINT FOR DAMAGES**<br><br>**Jury Trial Demanded** |

ORIGINAL

Complaint — 1 of 10 —

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

3. Diana Raygoza, (Plaintiff), through Plaintiff's attorneys, brings this action to challenge the actions of Law Office of Curtis O Barnes, ("Defendant"), with regard to attempts by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

4. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

5. Unless otherwise stated, Plaintiff alleges that any violations by Defendant were knowing and intentional, and that Defendant did not maintain procedures reasonably adapted to avoid any such violation.

## JURISDICTION AND VENUE

6. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

7. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("RFDCPA").

8. Because Defendant does business in San Diego County and is subject to personal jurisdiction in San Diego County, therefore Defendant resides in this judicial district pursuant to 28 U.S.C. § 1391(c).

9. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

10. Plaintiff is a natural person who resides in the City of Chula Vista, County of San Diego, State of California.

11. Defendant is from the City of Anaheim, the County of Orange, and the State of California.

12. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

13. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

14. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from

Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

15. Defendant, in the ordinary course of business, regularly, on behalf of himself, herself, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), is therefore a debt collector as that term is defined by California Civil Code § 1788.2(c).

16. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

17. At all times relevant to this matter, Plaintiff was an individual residing within the State of California.

18. At all times relevant, Defendant conducted business within the State of California.

19. Sometime before February 28, 2008, Plaintiff is alleged to have incurred certain financial obligations for a Lucky jeans account.

20. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

21. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

22. Sometime thereafter, but before February 28, 2008, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

23. Subsequently, but before February 28, 2008, the alleged debt was assigned, placed, or otherwise transferred, to Defendant for collection.

24. On or about February 28, 2008, Defendant telephoned Plaintiff and demanded payment of the alleged debt.

25. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

26. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

27. During Defendant's February 28, 2008, telephone conversation with Plaintiff, Defendant's representative, "Carlos Vargas," told Plaintiff that she had been "under investigation for the past six (6) months" for nonpayment of the alleged debt.

28. This statement was a false, deceptive, or misleading representation or means in connection with the collection of the alleged debt. As such, this action by Defendant violated 15 U.S.C. §§ 1692e and 1692e(10), and because this action violated the language in 15 U.S.C. §§ 1692e and 1692e(10), it also violated Cal. Civ. Code § 1788.17.

29. "Carlos Vargas" then told Plaintiff that if she did not pay that day, Defendant would send a sheriff to Plaintiff's place of employment, Mother's Nutrition Center, the following day, February 29, 2008, at 9:00 a.m.

30. This statement was a threat to take action that cannot legally be taken and one that Defendant did not intend to take in violation of 15 U.S.C. § 1692e(5), and a threat that nonpayment of the alleged debt will result in arrest or imprisonment by the sheriff in violation of 15 U.S.C. § 1692e(4). Because Defendant violated 15 U.S.C. §§ 1692e(4) and 1692e(5), Defendant also violated Cal. Civ. Code § 1788.17.

31. "Carlos Vargas" then requested Plaintiff provide her supervisor's name and telephone number at her place of employment, which she did. "Carlos Vargas" subsequently contacted Fernando Navarrette, Plaintiff's manager at Mother's Nutrition Center, and verified Plaintiff's employment.

32. "Carlos Vargas" continued to harass Plaintiff regarding payment of the alleged debt during the February 28, 2008, telephone conversation by demanding to know who could assist Plaintiff in paying the alleged debt. "Carlos Vargas" then demanded to speak with Plaintiff's parents.

33. "Carlos Vargas" spoke to Plaintiff's mother, disclosing Plaintiff's alleged debt and stating that Plaintiff has "bad credit" and that she would "never be able to buy a house."

34. The statements by "Carlos Vargas" to Plaintiff's mother violated 15 U.S.C § 1692b(2) because the alleged debt was disclosed to a third party. Because Defendant violated 15 U.S.C. § 1692b(2), it also violated Cal. Civ. Code § 1788.17.

35. "Carlos Vargas" then spoke with Plaintiff's father, informing him that Plaintiff's circumstances was a "serious problem," and that Plaintiff "would have to appear in court."

36. The statements by "Carlos Vargas" to Plaintiff's father violated 15 U.S.C § 1692b(2) because the alleged debt was disclosed to a third party. Because Defendant violated 15 U.S.C. § 1692b(2), it also violated Cal. Civ. Code § 1788.17. Further, the statements by "Carlos Vargas" that Plaintiff has to appear in court were a false, deceptive, or misleading representation in connection with the alleged debt in violation of 15 U.S.C. § 1692e, which also constituted a threat to take action that cannot legally be taken or that is not intended to be taken in violation of 15 U.S.C. § 1692e(5). These statements by "Carlos Vargas" also violated Cal. Civ. Code § 1788.17 because it violated 15 U.S.C. §§ 1692e and 1692e(5).

37. After the telephone conversation ended with Plaintiff's father, Plaintiff asked what would happen if no payment was made. "Carlos Vargas" told Plaintiff that a "sheriff would appear at her job and give her papers." Plaintiff asked if she could go to jail for it, and "Carlos Vargas" told her "I don't know." "Carlos Vargas" went on to tell Plaintiff that Defendant would garnish her wages by sending a letter to the payroll department at Plaintiff's place of employment.

38. These statements by "Carlos Vargas" misrepresented the legal status of the debt in implying that nonpayment may result in arrest or imprisonment of Plaintiff, or garnishment in violation of 15 U.S.C. § 1692e(2) and 1692e(5). Because Defendant's actions violated 15 U.S.C. §§ 1692e(2) and 1692e(5), it also violated Cal. Civ. Code § 1788.17.

39. At the urging of "Carlos Vargas," Plaintiff contacted a friend, Edwin, for assistance with the alleged debt. When Edwin was unable to speak to "Carlos Vargas," because he was at his place of employment and in the presence of his employer, "Carlos Vargas" became impatient with Edwin and stated that Plaintiff had a "serious problem" and asked if Edwin was going to help Plaintiff. Having Plaintiff contact Edwin to request assistance of the alleged debt caused Plaintiff great humiliation and embarrassment.

40. At the end the telephone conversation, "Carlos Vargas" told Plaintiff that because she had not paid, a sheriff would be at Plaintiff's place of employment at 9 a.m. the next day, February 29, 2008.

41. This statement by "Carlos Vargas" constituted a threat to take action that cannot legally be taken and that was not intended to be taken in violation of 15 U.S.C. § 1692e(5). Because Defendant's actions violated 15 U.S.C. § 1692e(5), it also violated Cal. Civ. Code § 1788.17.

42. Plaintiff was so distressed over her telephone conversation with Defendant, and truly believed a sheriff would be at her place of employment the following day to possibly take her to jail and/or garnish her wages, that Plaintiff's father made a payment on behalf of Plaintiff. Defendant's abusive conduct in attempting to collect the alleged debt caused Plaintiff's damages.

## CAUSES OF ACTION

### COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

45. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

### COUNT II

### VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions constitute numerous and multiple violations of the RFDCPA.

48. As a result of each and every violation of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Defendant.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### COUNT I

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

49. An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

50. An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

51. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3).

### COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### CAL. CIV. CODE §§ 1788-1788.32

52. An award of actual damages pursuant to California Civil Code § 1788.30(a);

53. An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);

54. An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

//
//
//
//

## TRIAL BY JURY

55. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Date: September 2, 2008          **Hyde & Swigart**

By: _____
Joshua B. Swigart
Attorneys for the Plaintiff

Date: September 2, 2008          **Recordon & Lester**

By: /s/ Stephen G. Recordon
Stephen G. Recordon
Attorneys for the Plaintiff.

**UNITED STATES DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

\# 156051      — TC

October 15, 2008
11:02:40

Civ Fil Non-Pris
USAO #.: 08CV1861
Judge..: DANA M SABRAW
Amount.:                    $350.00 CK
Check#.: BC2619

Total-> $350.00

FROM: RAYGOZA
      VS
      CURTIS O BARNES

%JS 44   (Rev. 12/07)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Diana Raygoza

## DEFENDANTS
Law Office of Curtis O Barnes

FILED
2008 OCT 14  AM 11: 12
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY_____ DEPUTY

**(b)** County of Residence of First Listed Plaintiff: San Diego
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Orange
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Hyde & Swigart
411 Camino Del Rio South Suite 301, San Diego, CA 92108

Attorneys (If Known)

'08 CV 1861 DMS RBB

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question (U.S. Government Not a Party)
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | IMMIGRATION | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | | |
| | | | ☐ 465 Other Immigration Actions | | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 U.S.C. §1692 ET SeQ

Brief description of cause:
Fair Debt Collection

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 75,000

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE _____   DOCKET NUMBER _____

DATE: 10/9/08

SIGNATURE OF ATTORNEY OF RECORD
[signature]

## FOR OFFICE USE ONLY
RECEIPT # 156051   AMOUNT $350   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AE 10/15/08

**ORIGINAL**